PROB 12C  
(06/17)

August 24, 2020  
pacts id: 6434501

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Amanda Chree Carver (English)   **Dkt No.:** 20CR00456-001-DMS

**Reg. No.:** 93761-298

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, U.S. District Judge

**Original Offense:** 18 U.S.C.§ 758, High Speed Flight from an Immigration Checkpoint, a Class C Felony

**Date of Sentence:** May 22, 2020

**Sentence:** Time Served (133 days' custody), three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** None.

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** May 22, 2020

**Asst. U.S. Atty.:** DeNae Marie Thomas   **Defense Counsel:** Paul A Barr  
(Appointed)  
(619) 234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Amanda Chree CARVER | August 24, 2020 |
| Docket No.: 20CR00456-001-DMS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive). | 1. On August 7, 2020, Ms. Amanda Carver failed to report to the Residential Reentry Center (RRC) as directed by the probation officer. |

*Grounds for Revocation:* As to Allegation 1, on July 29, 2020, the undersigned contacted Ms. Carver telephonically and she was given instructions to report to the RRC in Brawley, California, on August 7, 2020. The undersigned was notified by email on August 8, 2020 by the RRC Facility Director that Ms. Carver failed to report as directed.

| **(Standard Condition)** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. | 2. On or about August 3, 10, and 17 2020, Ms. Amanda Carver failed to report to the probation officer as required. |
|---|---|

*Grounds for Revocation:* As to Allegation 2, on June 23, 2020, Ms. Carver was contacted telephonically and given instructions by the probation officer to report by phone each week on Monday, and she failed to report as instructed. The undersigned attempted to contact Ms. Carver on August 3, 2020, but she did not answer and additional attempts to reach her have been unsuccessful. Her current whereabouts are unknown.

Case 6:20-mj-00237-MK    Document 1    Filed 09/14/20    Page 3 of 7
Case 3:20-cr-00456-DMS    Document 28    Filed 08/25/20    PageID.44    Page 3 of 7

PROB12(C)

| | |
|---|---|
| Name of Offender: Amanda Chree CARVER | August 24, 2020 |
| Docket No.: 20CR00456-001-DMS | Page 3 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Carver commenced her term of supervised release on May 22, 2020. On May 26, 2020, Ms. Carver reported by phone as required and reported she left San Diego, California to her proposed release address in Mesa, Arizona to live with a friend. She was required to report to the probation office in Phoenix, Arizona, and reported as directed. On May 26, 2020, an expedited request for courtesy supervision and transfer of supervision was sent to the District of Arizona. On June 6, 2020, the request was denied by the District of Arizona based on Ms. Carver not having significant residential ties to Arizona, and for having an active, non-extraditable warrant for a prior case in Oregon.

A referral was sent for Ms. Carver to enter a Residential Re-Entry Center on June 10, 2020, and she was accepted to the Brawley RRC with a report date of July 27, 2020. On July 24, 2020 Ms. Carver reported potential COVID19 symptoms and was required by the RRC to produce a negative COVID19 test prior to entering the facility. She reported she was going to get tested on July 27, 2020 and her placement date for the RRC was changed to August 7, 2020 in order to give her time to receive her test results back.

On July 29, 2020 Ms. Carver was informed of her placement date changing to August 7, 2020. She was also informed that the undersigned would be requesting a condition to require her to resolve her warrants in Oregon and would be sending a Waiver of Hearing form for her to fill out once she arrives to the RRC.

On August 3, 2020, Ms. Carver did not report as directed to the probation officer. The undersigned attempted to contact her but was unable to reach her. The undersigned attempted to contact her again on August 5, 2020 and an email was sent directing her to contact this officer. A voicemail was left with Ms. Carver's friend who she moved to Mesa to live with as a final attempt to reach Ms. Carver. As of this date, the offender has not contacted the probation officer. Given that she has made herself unavailable for supervision within the first few months of her term of supervised release, her adjustment to supervision is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Carver is 33 years old and was born and raised in Oregon. A presentence report was not prepared, and the following information was gathered by the undersigned from a telephonic interview with Ms. Carver. She reported that her mother abused drugs during her childhood and was rarely around and that her stepfather was physically abusive. Ms. Carver was never married and does not have any children. She has a significant substance abuse history, including experimenting with hallucinogens and ecstasy at age 21, daily marijuana use beginning at age 15, and daily methamphetamine use beginning at age 18 and has been involved in sex work to support her drug habit. She also reported she started drinking alcohol at age 15, and at times would drink daily. Ms. Carver did not report any significant health concerns.

Ms. Carver's criminal history consists of a hit and run with property damage, first degree theft and unauthorized use of a motor vehicle, several DUI charges, fourth degree assault, criminal trespassing, third degree theft, harassment and fourth degree assault, second degree theft and prostitution, supplying contraband into prison, possession of methamphetamine and heroin, possession of oxycodone, possession of methamphetamine with intent to distribute, manufacturing methamphetamine, false identification to peace officers, assault on a public safety officer, felon/addict in possession of a firearm, prohibited person in possession of ammunition, possession of a large capacity magazine, possession of an assault weapon, possession of drug paraphernalia, and transportation of a controlled substance, attempt to elude in a vehicle, and several charges of resisting arrest and failure to appear.

Case 6:20-mj-00237-MK    Document 1    Filed 09/14/20    Page 4 of 7
Case 3:20-cr-00456-DMS   Document 28   Filed 08/25/20   PageID.45   Page 4 of 7

PROB12(C)

| | |
|---|---|
| Name of Offender: Amanda Chree CARVER | August 24, 2020 |
| Docket No.: 20CR00456-001-DMS | Page 4 |

A criminal records check showed that she has an active warrant out of Medford, Oregon that was issued on August 22, 2019 for a failure to appear on a possession, delivery and manufacturing charge from 2019 and is only extraditable in surrounding states.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Failure to report to RRC, and Failure to report to probation officer) constitute a Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Ms. Carver's whereabouts are unknown and attempts to contact her have been unsuccessful. A bench warrant is deemed necessary to guarantee her appearance before the court.

### RECOMMENDATION/JUSTIFICATION

Ms. Carver has demonstrated an unwillingness to cooperate with the conditions of her supervised release as she has made herself unavailable for supervision. Should Your Honor sustain the allegations, it is recommended that her supervised release be revoked. Given that this is her first alleged violation of supervised release, a low-end custodial sentence of five months custody followed by twenty-eight months of supervised release is recommended. All previously imposed conditions are recommended, with an additional condition to resolve all outstanding warrants within sixty days, given that Ms. Carver has an outstanding warrant in Oregon that has yet to be resolved.

PROB12(C)

| | |
|---|---|
| Name of Offender: Amanda Chree CARVER | August 24, 2020 |
| Docket No.: 20CR00456-001-DMS | Page 5 |

The custodial sentence along with the suggested modifications appears to be sufficient but not greater than necessary to hold the offender accountable for the breach of the Court's trust, and to deter any future noncompliance.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 24, 2020**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____
Kayla Gainey
U.S. Probation Officer
(619) 409-5120

_____
Michael Morabe
Supervisory U.S. Probation Officer

PROB12CW                                                                                     August 24, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**   CARVER, Amanda Chree

2. **Docket No.** (Year-Sequence-Defendant No.)**:**   20CR00456-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Failure to report to RRC | C |
   | Failure to report to probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                         [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                               [   III  ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                      [   5 to 11 months   ]

7. **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Amanda Chree CARVER | August 24, 2020 |
| Docket No.: 20CR00456-001-DMS | Page 7 |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____

_____
The Honorable Dana M. Sabraw
U.S. District Judge

__8/25/2020__
Date

PAT